COLUMBIA HELICOPTERS, INC., an Oregon corporation, Plaintiff–Appellee,

v.

CARSON HELICOPTERS, INC., a Pennsylvania corporation, FKA Carson Services, Inc., Defendant–Appellant.

No. 09–36071.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2010.

Filed Oct. 26, 2010.

Stephen F. Deatherage, Renee E. Rothauge, Bullivant Houser Bailey, PC, Portland, OR, Timothy J. Hughes, Daniels Fine Israel Schonbuch & Lebovits, LLP, Los Angeles, CA, for Plaintiff–Appellee.

James Edward Mountain, Jr., Harrang Long Gary Radnick, PC, Portland, OR, Richard J. Leveridge, Dickstein Shapiro, LLP, Washington, DC, Susan D. Marmaduke, Esquire, Harrang Long Gary Radnick, PC, Portland, OR, for Defendant–Appellant.

Before: TASHIMA, PAEZ and CLIFTON, Circuit Judges.

MEMORANDUM *

Carson Helicopters, Inc. appeals the district court's partial summary judgment in favor of Columbia Helicopters, Inc. We agree with the district court that Carson is obligated under the indemnities clause to defend Columbia against lawsuits arising out of the 2008 helicopter crash. Accordingly, we affirm.

Oregon law relating to contract interpretation provides that "where there are several provisions or particulars, such construction is, if possible, to be adopted as will give effect to all," and that a court may not "omit what has been inserted." Or.Rev.Stat. § 42.230; *see Industra/Matrix Joint Venture v. Pope & Talbot, Inc.,* 341 Or. 321, 335, 142 P.3d 1044 (2006). The word "defend" has a plain meaning distinct from "indemnify" and clearly indicates that Carson is obligated to provide Columbia with a defense of the claims arising out of the crash, because those claims meet the monetary threshold amounts set forth in the clause. To conclude otherwise would read the word "defend" out of the clause.

**AFFIRMED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.